UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYED MOKARAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAYED ALEM SADAT,<br><br>　　　　Defendant. | No.  2:24-cv-03010-TLN-SCR<br><br>ORDER TO SHOW CAUSE |

Plaintiff is proceeding pro se, and this matter is referred to the undersigned pursuant to Local Rule 302(c)(21).  A review of the record reflects that federal subject matter jurisdiction may be lacking.  Additionally, the action was filed on November 1, 2024, there has been no return/proof of service filed, and Defendant has not appeared.  Accordingly, Plaintiff shall show cause why the action should not be dismissed for lack of jurisdiction or pursuant to Federal Rule of Civil Procedure 4(m).

**I.  Subject Matter Jurisdiction**

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992).  Federal courts are presumed to

1

lack jurisdiction, "unless the contrary appears affirmatively from the record." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. Here, Plaintiff alleges that there is diversity of citizenship jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at ¶ 2. Plaintiff does not clearly allege the citizenship of himself or the Defendant. On the Civil Cover sheet that was filed with the complaint, Plaintiff lists an address for himself in Sacramento, California and states Defendant is a resident of Contra Costa County, California. ECF No. 1-1. Plaintiff states that at the time of the alleged incident in July 2021, he was a resident of Texas and was visiting Defendant "who resides" in Turlock, California. ECF No. 1 at ¶ 4. However, "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux*, 541 U.S. at 570. "Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose." *Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).

It appears that at the filing of this action, both parties were residing in California and thus diversity of citizenship may be lacking.[1] Thus, under § 1332 the Court would not have subject matter jurisdiction. The complaint alleges state law causes of action, and thus there appears to be

---

[1] Residency is not necessarily determinative of citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

no federal question jurisdiction under § 1331.

**II. Service**

Plaintiff filed this action on November 1, 2024.  ECF No. 1.  A summons issued on the same date.  ECF No. 2.  Federal Rule of Civil Procedure 4(m) provides in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Plaintiff's 90 days for effecting service expire on January 30, 2025.  Plaintiff has not filed a return/proof of service.

Accordingly**, IT IS HEREBY ORDERED** that Plaintiff show cause, in writing, **within 14 days**, why this action should not be dismissed for lack of subject matter jurisdiction and/or dismissed based on failure to effect service.  Plaintiff's response shall address both the issue of subject matter jurisdiction and the issue of service.  If Plaintiff fails to respond, the court will recommend dismissal of the action.

SO ORDERED.

DATED: January 24, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3